24-1396-cv
*Sosa v. New York City Department of Education*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand twenty-five.

PRESENT:
> **DENNIS JACOBS,**
> **DENNY CHIN,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

_____

Alice Sosa,

> *Plaintiff-Appellant,*

> v.                                                    24-1396

New York City Department of Education, Marcy Berger, in her official and individual capacities,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:     ALICE SOSA, *pro se*, Bayside, NY.

FOR DEFENDANTS-APPELLEES:     PHILIP W. YOUNG (Jamison Davies, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, J.).

Upon due consideration, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Alice Sosa, a special education teacher in the New York City school system, proceeding *pro se*, appeals from the district court's grant of summary judgment to the defendants, dismissing her retaliation claims under the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL").[1]

In January 2017, Sosa filed a complaint with the New York City Commission on Human Rights ("CCHR"), alleging that the New York City Department of Education ("NYC DOE") and her former principal, Marcy Berger, discriminated against her by failing to accommodate her disability. One year later, Sosa, through counsel, commenced this action against the NYC DOE and Berger, alleging that the defendants retaliated against her for filing the CCHR complaint by (1) placing three disciplinary letters in her file, (2) offering her only a partial disability accommodation, (3) denying her a co-teacher for a portion of the 2017-2018 school year, and (4) changing the teacher bathroom policy. On April 22, 2024, the district court granted the defendants' motion for summary judgment and terminated the

---

[1] Sosa also moved to supplement the record on appeal, but this court denied that motion on March 5, 2025. *See* Order, *Sosa v. N.Y.C. Dep't of Educ.*, No. 24-1396 (2d Cir. Mar. 5, 2025), ECF No. 46.

case. *See Sosa v. N.Y.C. Dep't of Educ.*, No. 18-CV-411, 2024 WL 1719604 at *3-7 (E.D.N.Y. Apr. 22, 2024). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I

This court reviews a grant of summary judgment *de novo. Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

"The burden-shifting framework under *McDonnell Douglas* … applies to retaliation claims under both the ADA and the NYSHRL." *Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023).[2] "The elements of a prima facie case of retaliation under both statutes are: (i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Tafolla*, 80 F.4th at 125 (internal quotation marks omitted). An adverse action is an action

---

[2] In 2019, the NYSHRL was amended to direct courts to construe the statute "liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed." *Cooper v. Franklin Templeton Invs.*, No. 22-2763-CV, 2023 WL 3882977, at *3 (2d Cir. June 8, 2023) (citing N.Y. Exec. Law § 300). Courts have applied the amendment to retaliation claims. *See, e.g., Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 280 (S.D.N.Y. 2024) ("Retaliation claims brought under Title VII, Section 1981, and the pre-October 2019 provisions of the NYSHRL are subject to the same standard."). Sosa's claims are based on conduct that occurred before 2019, however, so the amendment does not affect the analysis applicable here. *See, e.g., Arazi v. Cohen Bros. Realty Corp.*, No. 20-CV-8837, 2022 WL 912940, at *16 (S.D.N.Y. Mar. 28, 2022) ("After [the 2019] amendment, the [retaliation] standard for NYSHRL aligns with the NYCHRL standard for claims that accrued on or after October 11, 2019.").

3

that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* at 127 (quoting *Hicks v. Baines*, 593 F.3d 159, 162 (2d Cir. 2010)). "To prove a causal connection, a plaintiff must show that 'but for' the protected activity, the adverse action would not have been taken. Causation may be shown either through direct evidence of retaliatory animus or 'indirectly, by showing that protected activity was followed closely by discriminatory treatment.'" *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 170 (2d Cir. 2024) (citation omitted) (quoting *Tafolla*, 80 F.4th at 125).

If the plaintiff establishes a prima facie case of retaliation, then the burden shifts to the employer "to articulate some legitimate, non-retaliatory reason for the employment action." *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). The plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is pretextual. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009).

The same legal standard applies to a retaliation claim brought under the NYCHRL. The key difference is that the NYCHRL claim must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (quoting *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78 (2011)).

**II**

Sosa argues that the district court erred by granting summary judgment to the defendants on her ADA and NYSHRL retaliation claims. She contends that she experienced four actions that constituted retaliatory adverse employment actions under these statutes: (1) the placement of disciplinary letters in her file; (2) the partial denial of her accommodation request; (3) the delay in receiving a co-teacher for the 2017-2018 school year; and (4) the change in the bathroom policy. We address each in turn.

4

## A

First, Sosa argues that the NYC DOE retaliated against her by placing disciplinary letters in her file. We disagree. The NYC DOE disciplined Sosa for failing to follow the school's absence notification policy, loudly and repeatedly interrupting a staff meeting in February 2017, and arguing with another teacher in the cafeteria. The district court correctly concluded that Sosa offered no evidence to show that the contents of the letters were false.

On appeal, Sosa reiterates her claims that "the assertion of 'frequent and lengthy interruptions' is questionable, as the [staff] meeting only lasted about 20 to 25 minutes," and that she did not raise her voice in the cafeteria. Appellant's Br. 16, 18. However, she failed to submit evidence as to the length of the staff meeting or the number and length of her interruptions. The evidence in the record showed that she acted unprofessionally in the cafeteria on the day in question.

The district court also correctly concluded that Sosa's evidence was insufficient to create a dispute as to whether she was disciplined more unfairly than similar comparators. Sosa submitted that the NYC DOE issued a "counseling memorandum" to Weber, another teacher at PS213, for arguing loudly with other teachers in the cafeteria. But, unlike Sosa, the school did not place the letter in Weber's personnel file and the school did not raise the possibility that Weber could be subject to further disciplinary action. However, Weber's counseling memorandum clarified why it was not included in her file, citing mitigating factors such as a severe staff shortage caused by a weather emergency and the emotional stress she was under while caring for her terminally ill father. Because there was no evidence that comparable mitigating factors existed with respect to Sosa's cafeteria altercation, the slight difference in discipline was insufficient to create a dispute as to whether she was disciplined more severely than similar comparators. *See Raspardo v. Carlone*, 770 F.3d 97, 126 (2d Cir. 2014) (describing the requirements for a similarly situated employee in the disparate treatment context).

Accordingly, even assuming that Sosa stated a prima facie case of retaliation as to the disciplinary letters, she did not submit evidence suggesting that the defendants' non-retaliatory reasons for issuing the disciplinary letters were pretextual. *See Kwan*, 737 F.3d at 847 ("Temporal proximity alone is insufficient to defeat summary judgment at the pretext stage.").

**B**

Second, Sosa argues that the partial denial of her accommodation request to avoid teaching back-to-back classes amounted to a retaliatory employment action. We again disagree. The accommodation request was made and partially granted before the filing of Sosa's CCHR charge in January 2017. The district court correctly concluded that the NYC DOE could not have taken that action in retaliation for protected activity that had not yet occurred. The district court was also correct that the post-January 2017 renewal of the partial grant merely continued Sosa's initial accommodation.

We agree with the district court that there was no evidence for a jury to conclude that, but for Sosa's CCHR complaint, the partial accommodation would have been replaced with a greater accommodation. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (requiring a "causal nexus" between the complaint and the adverse employment action).

**C**

Third, Sosa argues that the district court erred by holding that the defendants were entitled to summary judgment on Sosa's retaliation claim based on the temporary denial of a co-teacher. We are not persuaded. In response to Sosa's accusation that the defendants retaliated against her by denying her a co-teacher for the 2017-2018 school year, the defendants offered a legitimate reason for their actions—that the delay was the result of a miscommunication about whether Sosa wanted a co-teacher in the first place.

At that point, the burden shifted back to Sosa, and she was required to

produce evidence that the proffered reason was pretextual. However, Sosa failed to offer any evidence to contradict or rebut the defendants' explanation that they were unaware that she wanted a co-teacher. Indeed, once it became clear that Sosa wanted a co-teacher, the defendants granted the request and she received a co-teacher for the 2017-2018 school year. We agree with the district court that Sosa failed to meet her burden of showing that the defendants' stated reason for the initial denial of a co-teacher was pretextual.

## D

Fourth, Sosa argues that a change in the bathroom policy—which permitted only regular teachers, not teaching assistants, to cover a teacher's class while the teacher went to the bathroom—constituted a retaliatory employment action. We disagree. The requirement that a teacher, instead of a paraprofessional, supervise students while a teacher uses the bathroom is at most a "minor annoyance[] that often take[s] place at work and that all employees experience," and it does not amount to an adverse action. *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 (2d Cir. 2014) (internal quotation marks omitted). While Sosa argues that the policy uniquely affected her due to her medical needs, she offered no evidence to support this claim.

In any event, the defendants proffered a non-retaliatory reason for the policy, asserting that it was motivated by concern for student safety. Sosa failed to offer evidence that student safety was a pretextual reason for implementing the policy. The district court properly concluded that a reasonable jury would have no basis on which to decide that the stated reason was a pretext for retaliation.

## III

Sosa also argues that the district court erred by granting summary judgment to the defendants on her NYCHRL retaliation claim. "NYCHRL claims must be analyzed separately and independently from federal and state discrimination claims." *Mihalik*, 715 F.3d at 113. However, "the NYCHRL is not a general civility code, and a defendant is not liable if the plaintiff fails to prove the conduct is

caused at least in part by discriminatory or retaliatory motives." *Id.* (citation omitted). For the reasons described above, Sosa failed to offer evidence that would permit a reasonable jury to conclude that the alleged adverse actions were caused at least in part by a retaliatory motive. Accordingly, the district court properly granted summary judgment on Sosa's NYCHRL retaliation claim.

**IV**

Sosa additionally argues that the NYC DOE violated her due process rights in connection with the allegation that she allowed her students to run in the hallway. Sosa did not raise this claim in the district court, and "it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). There is no reason to depart from that rule here. Sosa does not identify any evidence in the record before the district court that would support a due process claim, nor is any apparent.

\* \* \*

We have considered Sosa's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8